UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HUEVEL,<br><br>                    Plaintiff,<br><br>        v.<br><br>CALIFORNIA STATE LICENSE BOARD, ET AL.<br><br>                    Defendants. | No.  2:22-cv-1269-KJM-CKD PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 2.) |

    Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

    However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

///

///

**The Complaint**

Plaintiff Jean Marc Van den Huevel, a citizen of California, seeks to bring suit against two named defendants, also citizens of California: the California State License Board and Sharon Hoefling. (ECF No. 1.) Plaintiff has attached a letter to his complaint. (Id. at 7-11.) The letter was written by defendant Sharon Hoefling to the California State License Board in 2005, complaining of plaintiff's work as an independent contractor. (Id.) Based on the attached letter, it appears that plaintiff was contracted to build cabinetry for defendant Sharon Hoefling in 2005. However, after a dispute arose, defendant Hoefling submitted a written complaint to the California State License Board. (Id.) The letter is dated April 1, 2005, and describes events that occurred in 2005. (Id.)

The nature of plaintiff's complaint is not altogether clear from the complaint. It appears from the letter that plaintiff seeks to sue defendants for the loss of his contractor's license in 2005, and the resulting injuries. Plaintiff's complaint seeks $850,000,000 in damages, among other relief. (See ECF No. 1 at 5.) Plaintiff attributes to defendants a number of injuries, including loss of opportunities, brain injury, PTSD, incarceration, and loss of pets. (Id.) Plaintiff's complaint contains a partial cite to 23 CFR § 635.100, a regulation concerning licensing and qualification of contractors under the Federal Highway Act. (ECF No. 1 at 3.)

**Analysis**

The undersigned recommends that plaintiff's complaint be dismissed with prejudice under Rule 12(b)(6) because plaintiff's complaint does not contain a cognizable legal theory. Fed. R. Civ. P 12(b)(6) (a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted.") 23 CFR § 635.100 concerns licensing and qualifications of contractors under the Federal Highway Act. The complaint does not allege any facts that allow the court to infer that plaintiff has standing to bring any cause of action under the Federal Highway Act. Thus, plaintiff has not stated a claim under 23 CFR § 635.100, which is cited to in the complaint. (ECF No. 1 at 3.)

Construing the complaint liberally, the court can infer from the complaint that plaintiff seeks to challenge the revocation of his license. But even construing plaintiff's claim as one for

violation of his due process rights, these facts do not conceivably amount to a cognizable cause of action due to the fact that the events occurred years prior.

While 42 U.S.C. § 1983 contains no statute of limitations, federal courts in California typically apply the state's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling." Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007); see also McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991) (holding that Section 1985 claims should be governed by the same statute of limitations as 1983 claims). In California, personal injury claims must be brought within two years. California Code of Civil Procedure § 335.1 (2020). The court begins a statute of limitations analysis by determining when plaintiff's claims accrued. See Miller v. Najera, 2020 WL 731176, at *6-7 (E.D. Cal. Feb. 13, 2020). "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Morales, 214 F.3d at 1153–54. Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Tworivers, 174 F.3d at 992.

From what the court can tell, plaintiff's claims under Section 1983 would have begun to accrue at the latest, when his license was revoked on or around November 12, 2007. (ECF No. 1 at 3.) Therefore, plaintiff would have needed to file any federal due process claims by November 12, 2009. However, because plaintiff did not file this claim until 2022, any process claim is time-barred.

Plaintiff's complaint attributes injuries that he has suffered to the loss of his license, including brain injury, incarceration, and loss of pets. (ECF No. 1 at 5.) While the court sympathizes with plaintiff, the Ninth Circuit has repeatedly held that "mere 'continuing impact from past violations is not actionable.' Knox v. Davis, 260 F.3d 1009, 1012–13 (9th Cir. 2001). Thus, plaintiff does not appear to have any arguments that his due process claims, though time-barred, are viable under a theory of continuing violation

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend

4

would be futile.  Cahill, 80 F.3d at 339.

## ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.

Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is  advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 13, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,vand.1269